TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **DISTRICT OF NEW JERSEY** <br> ------------------------------------------------------------------x <br> RAJAT KUMAR, <br> *on his own behalf and on behalf of others similarly situated* <br>                                 Plaintiff, <br>                                   v. <br> SARTHAK EXPRESS INC; and <br> RAKESH VIRDHI <br>                                 Defendants. <br> ------------------------------------------------------------------x | Docket No. 23-cv-04385 <br><br> **COLLECTIVE ACTION §216** <br> **& N.J. R. 4:32 CLASS ACTION** <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff RAJAT KUMAR (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SARTHAK EXPRESS INC and RAKESH VIRDHI (Collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff Rajat Kumar, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and and New Jersey Wage and Hour Law ("NJWHL"), NJSA § 34:11-56 *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL") respectively arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2. Plaintiff brings this action on behalf of himself, and all similarly situated current and former truck drivers and helpers who elect to opt-in to this action pursuant to the

FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA, NJWHL, and NJWPL that occurred at Defendants' business.

3. Plaintiff alleges under the FLSA that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) liquidated damages, and (3) attorneys' fees and costs.

4. Rajat Kumar alleges under the NJWHL that he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) pre-judgment and post-judgment interest and (4) attorneys' fees and costs.

5. Rajat Kumar alleges under the NJWPL that he is entitled to recover from the Defendants: (1) unpaid earned wages, (2) liquidated damages, (3) pre-judgment and post-judgment interest and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

7. This Court has supplemental jurisdiction over plaintiff's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

8. Venue is proper in the United States District Court for the District of New Jersey pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the State of New Jersey, and the acts and omissions giving rise to the claims alleged herein took place within the District of New Jersey.

## PLAINTIFFS

9. Plaintiff Rajit Kumar was employed by Defendants to work as a Truck Driver for defendants Truck Company Sarthak Express Inc.

## DEFENDANTS

*Corporate Defendants*

10.   Defendant Sarthak Express Inc is a domestic business corporation organized under the laws of the State of New Jersey with a registered address at 15 Madaline Drive Edison, NJ 08820.

11.   Sarthak Express Inc is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

12.   Sarthak Express Inc purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

13.   Upon information and belief, Rakesh Virdhi, known as manager to Plaintiff and the owner of Sarthak Express Inc, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Sarthak Express Inc.

14.   Rakesh Virdhi hired the plaintiff.

15.   Rakesh Virdhi paid the plaintiff and promised to pay plaintiff all his wages.

16.   Rakesh Virdhi instructed plaintiff the loads he had to take and pick up from the different places.

17.   Rakesh Virdhi acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NJWHL and is jointly and severally liable Sarthak Express Inc.

## STATEMENT OF FACTS

### Wage and Hour Claims

18. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

19. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

20. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

21. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

22. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

23. Throughout plaintiff's employment, Defendants did not provide him any of the documents required by NJWPL § 34:11-4.6, including a time-of-hire notice of plaintiff's regular pay rate and payday, or statements of gross wages, net wages, rate of pay, number of hours, or deductions from wages.

24. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

*Plaintiff Rajat Kumar*

25. Plaintiff Rajat Kumar was employed by the Defendants as a Truck Driver at defendants Truck Company from on or around August 1, 2022 to on or around March 10,

2023.

26.     Plaintiff Rajat Kumar and other employees of Defendants would receive their assigned loads, pickup locations and drop off locations from Defendants.

27.     Plaintiff Rajat Kumar usually drove from New Jersey to either Texas or California and back.

28.     Plaintiff Rajat Kumar usually spent between five (5) days per week driving but would spend seven (7) to eight (8) days driving when he had to travel to California.

29.     Plaintiff Rajat Kumar usually spent eleven (11) hours per day driving.

30.     Plaintiff Rajat Kumar usually drove around eight hundred (800) miles per day.

31.     Plaintiff Rajat Kumar estimates that he spent on average around sixty-six (66) hours per week driving and drove around five thousand (5,000) miles per week for Defendants.

32.     From August 01, 2022, to December 30, 2022, plaintiff Rajat Kumar was to be paid sixty-five cents ($0.65) per mile he drove. This meant for the five thousand (5,000) miles he drove per week he would earn around three thousand two hundred and fifty dollars ($3,250.00) per week.

33.     From December 31, 2022, to March 10, 2022, plaintiff Rajat Kumar was to be paid fifty-five cents ($0.55) per mile he drove. This meant for the five thousand (5,000) miles he drove per week he would earn around two thousand seven hundred and fifty dollars ($2,750.00) per week.

34.     Although plaintiff Rajat Kumar was promised this rate, defendants failed to pay Rajit Kumar for all the hours that he worked, specifically between January and February of 2022.

35. As a result of defendant's failure to pay plaintiff Rajat Kumar his all his wages, plaintiff is owed eight thousand dollars ($8,000) in back wages.

36. Plaintiff's Rajat Kumar's compensation did not include pay at a time and a half for all weeks that he worked over forty (40) in that week.

37. Defendants committed the foregoing acts knowingly, willfully, and maliciously, against plaintiff Rajat Kumar, the Collective and the Class.

38. Plaintiffs has fulfilled all conditions precedent, or such conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings his FLSA claims individually and on behalf of other current and former non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through the entry of judgement in this case (the "Collective").

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings his NJWHL and NJWPL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

41. All said persons, including Plaintiff, are referred to herein as the "Class."

42. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by

means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

43. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

44. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL and/or NJWPL;

    b. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL and/or NJWPL;

    c. Whether plaintiff and Class members were paid all their wages timely under the NJWPL; and

    d. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

45. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or

overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

46.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

47.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these

costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

48. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL and NJWPL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**Violation of NJWHL §§34:11-56a—Failure to Pay Overtime**
**Brought on Behalf of the Plaintiff and the Class**

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Section 34:11-56a4.5.b(1) of the New Jersey Statutes provides that "[a]n employer shall [] pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week."

51. Throughout plaintiff Rajat Kumar's employment with defendants, he was paid

wages that did not include pay for overtime at a rate of one- and one-half times his regular rate.

52. Further during a period of his employment plaintiff was not paid at all for his work and that is why he seeks unpaid wages against defendants.

53. Accordingly, Rajat Kumar was not paid one- and one-half times the New Jersey minimum wage during the time that he was not paid for his hours.

54. Section 34:11-56a25.26 of the New Jersey Statutes provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which the employee is entitled under the provisions of P.L.1966, c.113 (C.34:11-56a *et seq.*)…, the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer…, and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wage [] as liquidated damages, plus costs and reasonable attorney's fees as determined by the court."

55. Defendants knowingly, willfully and maliciously disregarded the provisions of the NJWHL by failing to pay plaintiff Rajat Kumar overtime.

## COUNT II.
### Violation of NJWPL § 34:11-4.2—Failure to Pay Earned Wages
### Brought on Behalf of the Plaintiff and the Collective

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. NJWPL § 34:11-4.2 provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer."

58. Between January 2023 and February 2023, plaintiff Rajat Kumar was not paid any wages and therefore owed eight thousand dollars ($8,000.00) in back wages.

59. NJWPL § 34:11-4.10(c) provides that "[i]f any employer fails to pay the full

amount of wages to an employee agreed to or required by, or in the manner required by, the provisions of article 1 of chapter 11 of Title 34 of the Revised Statutes and all acts supplementing that article (R.S.34:11-2 *et al.*), the employee may recover in a civil action the full amount of any wages due, … plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court."

60. Defendant's action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the NJWPL § 34:11-4.10. Plaintiff is entitled to full payment for all wages due to him that were not paid.

61. As a result of Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions

### COUNT III.
**[Violation of 29 U.S.C. § 206(a)—Failure to Pay Minimum Wages Brought on behalf of Plaintiff and Collective]**

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. Section 206, Subsection (a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

64. Throughout plaintiffs' employment, plaintiff was not paid for his labor in the months of January through March.

65. Accordingly, plaintiff was not paid the federal minimum wage from about January to the end of his employment on March 10, 2023

66. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

67. Defendants knowingly, willfully and maliciously disregarded the provisions of the FLSA by failing to pay plaintiff Rajat Kumar minimum wage.

## JURY DEMAND

68. Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 4:32 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

    b)    Certification of this case as a collective action pursuant to FLSA;

    c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

    d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL; and NJWPL;

    e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

    f)    An award of unpaid wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and any opt-ins under FLSA;

    g)    An award of minimum wages, unpaid overtime, and unpaid wages, and liquidated damages equal to two times the unpaid minimum wages, unpaid overtime, and unpaid wages, due to Plaintiff and the Class under NJWHL, and NJWPL;

    h)    An award of pre-judgment interest on damages under the NJWHL at the rate set forth by Rule 4:42-11(b) of the Rules Governing the Courts of the State of New Jersey;

    i)    An award of post-judgment interest on damages under the NJWHL at the rate set forth by Rule 4:42-11(a)(ii) of the Rules Governing the Courts of the State of New Jersey

    j)    The cost and disbursements of this action; and

    k)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: August 11, 2023
      Flushing, New York

                        TROY LAW, PLLC
                        *Attorneys for the Plaintiff, proposed FLSA*
                        *Collective and potential Rule 23 Class*

                        */s/ Aaron B. Schweitzer*
                        Aaron B Schweitzer
                        Tiffany Troy
                        41-25 Kissena Blvd
                        Suite 110
                        Flushing, NY 11355
                        (718) 762-1324