**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RAJAT KUMAR, *on his own behalf and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SARTHAK EXPRESS INC., *et al.*,<br><br>Defendants. | Civil Action No.<br><br>23-4385 (LDW)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval.  (ECF 54).  The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment.  (ECF 56).

## I.    Background and Procedural History

1.    Plaintiff Rajat Kumar commenced this putative collective action on August 11, 2023.  (*See* Complaint, ECF 1).  He alleges that defendants failed to pay him overtime wages for his time worked in excess of forty hours per week, as well as earned and minimum wages, in violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56(a), *et seq.*, the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11-4.1, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  (*See id.*).

2.    Defendants Sarthak Express Inc. and Rakesh Virdhi filed an Answer with affirmative defenses on November 17, 2023.  (*See* Answer, ECF 8).  The parties then engaged in discovery, which was delayed by the temporary inability of plaintiff's counsel to contact plaintiff. The parties also engaged in an unsuccessful Court-ordered meditation in September 2025.  (*See* ECF 44).

## II.    Settlement

3.    The parties appeared for a settlement conference before the undersigned on January 6, 2026, during which they engaged in good-faith, arms-length negotiations, and ultimately agreed on the value of a monetary payment to settle plaintiff's claims against defendants on an individual basis.  Disagreements remained, however, as to the structure of the settlement.

4.    The parties continued negotiations over the settlement's structure, and participated in another conference before the undersigned on January 8, 2026.  On January 9, 2026, the parties advised the Court that they had resolved the outstanding disagreements over the settlement structure.  They submitted a proposed settlement agreement and a joint motion for settlement approval on January 29, 2026.  (ECF 54).

5.    The parties' proposed settlement resolves all claims in this action.

6.    The parties have agreed to settle this case for a total payment of $30,000.00 as follows:[1]

   a.  The settlement amount of $30,000 includes $2,132.69 in "out-of-pocket expenses," plus $11,146.92 in attorneys' fees, for a total of $13,279.61 to be paid to plaintiff's counsel.  The remaining $16,720.39 of the settlement amount shall be paid to plaintiff.  (*See* ECF 54-1 at 2).

   b.  The settlement payment will be paid in twenty-six installments, in the manner set forth in Section 2 of the proposed agreement.  (*See* ECF 54-1 at 2–3).

---

[1]    The above is a summary, not an exhaustive description, of the settlement terms.  The full terms of the settlement are contained in the agreement attached to this motion.  (*See* ECF 54-1). By approving this FLSA settlement, the Court is not agreeing to enforce any other terms of the settlement agreement.  For instance, the agreement provides for entry of a consent judgment in a form that may not be deemed enforceable by the Court.  (*See* ECF 54-1 at 3).

c. As consideration for the above payments, plaintiff waives, discharges, and releases defendants from any claims set forth in the Complaint in this action, and waives his right to participate in any class, collective, or representative action against defendants concerning his employment during the period described in the Complaint. (*See* ECF 54-1 at 4).

### III.    Approval of Settlement

7.    To approve an FLSA settlement agreement in this Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, 08-CV-1798 (JLL), 09-CV-6128 (JLL), 10-2461 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8.    "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations, citations, and alternations omitted). Moreover, "the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations, citations, and alterations omitted).

9.    Here, plaintiff alleges that the total compensation owed under the FLSA, NJWHL, and NJWPL, excluding liquidated damages, amounted to approximately $57,525.11. (*See* ECF 57-1 at 2). The Court determines that plaintiff's agreement to settle for the lesser sum of $30,000.00 represents resolution of a bona fide dispute for three principal reasons. First, defendants deny all claims in plaintiff's Complaint and maintain that they paid plaintiff in full compliance with applicable law. (*See* ECF 54-1 at 1, 5). Accordingly, there is no guarantee that

plaintiff would prevail after further litigation.  Second, defendants maintain that plaintiff cannot recover compensatory damages under both the FLSA and the NJWHL.  (*See* ECF 54 at 3).  If defendants were to succeed in that argument, plaintiff's overall recovery could have been significantly reduced.  Third, by reaching a settlement at this stage of the litigation, plaintiff avoids further delay and uncertainty in recovering his alleged unpaid wages.  For all these reasons, the settlement serves as a reasonable compromise of the disputed claims.

10.    Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel at the Court-ordered mediation, the settlement conferences before the undersigned, and the continued negotiations in the subsequent days. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.  To the contrary, counsel for the parties have vigorously represented their clients throughout this case.

11.    Finally, the Court determines that the proposed settlement would not otherwise frustrate the implementation or purposes of the FLSA.  The release provisions in the agreement do not include a waiver of claims beyond those in this litigation, except that plaintiff may not separately participate in any related class, collective, or representative action against defendants. (*See* ECF 54-1 at 4–5); *Singh v. Jaap Trucking Inc.*, 23-CV-6645 (LDW), 2025 WL 2084231, at *2 (D.N.J. July 24, 2025).  Nor does the settlement agreement contain a confidentiality provision or a non-disparagement clause.  (*See generally* ECF 54-1); *Singh*, 2025 WL 2084231, at *2.

12.    Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the agreement at ECF 54-1, and approves the payments to be made to plaintiff in the amount, and based on the schedule, described therein.

### IV.    Award of Attorneys' Fees

13.    When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, 09-CV-905 (MF), 09-CV-1248 (MF), 09-CV-4587 (MF), 2011 WL 1344745, at \*19 (D.N.J. Apr. 8, 2011) (internal quotations and citations omitted).

14.    Plaintiff's counsel seeks $11,146.92 in fees.  (*See* ECF 54-1 at 2).

15.    Plaintiff's counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims.  This includes participation in Court-ordered meditation and two settlement conferences before the undersigned.  Plaintiff's counsel was also forced to undertake extensive efforts to communicate with plaintiff.  (*See, e.g.*, ECF 39).

16.    The requested fees represent slightly more than one-third of the total settlement amount.  Although that approaches the upper boundary of what is considered reasonable in this Circuit, the Court approves the request in light of the length of this litigation (over two years), and the effort counsel expended to maintain contact with plaintiff.  *See Haynes v. Artech L.L.C.*, 20-CV-9173 (CCC), 2021 WL 3130826, at \*2 (D.N.J. July 23, 2021) (finding award of attorneys' fees representing forty percent of total settlement amount reasonable); *In re Gen. Motors Corp. Pick-Up Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995) (noting that fee awards have ranged from nineteen to forty-five percent of settlement fund).

17.    The Court finds that the amount requested is fair and reasonable and approves an award of attorneys' fees in the amount of $11,146.92.

## V.      Conclusion and Dismissal

18.      The parties' joint motion for FLSA settlement approval (ECF 54) is hereby **GRANTED**.

19.      The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

20.      The Clerk of the Court is directed to terminate the motion at ECF 54 and to mark this case as **CLOSED**.

**It is so ORDERED on this 23rd day of April, 2026.**


  *s/ Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge